**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **KELLY R. BELK,**<br><br>              **Plaintiff,**<br><br>**v.**<br><br>**MICHAEL J. ASTRUE,**<br>**Commissioner of Social Security,**<br><br>              **Defendant.** | **MEMORANDUM DECISION**<br>**AND ORDER**<br><br>**Case No. 2:08-cv-752-PMW**<br><br><br>**Magistrate Judge Paul M. Warner** |

Before the court is Kelly R. Belk's ("Plaintiff") appeal of Michael J. Astrue's

("Commissioner") final decision determining that Plaintiff was not entitled to Disability

Insurance Benefits ("DIB") under Title II of the Social Security Act. *See* 42 U.S.C. §§ 401-434.

After careful consideration of the written briefs and the complete record, the court has

determined that oral argument would not be helpful or necessary in this case.

## BACKGROUND

On July 18, 2005, Plaintiff applied for DIB, alleging disability beginning on March 9,

2005.[1]  Plaintiff's application was denied initially in February 2006, and upon reconsideration in

December 2006.[2]  In January 2007, Plaintiff requested a hearing before an Administrative Law

---

[1] *See* docket no. 8, Administrative Record ("Tr. _____"), 62, 94.

[2] *See* Tr. 62-63.

Judge ("ALJ"),[3] and that hearing was held on February 14, 2008.[4]  The ALJ issued a written

decision on April 21, 2008, determining that Plaintiff was not entitled to DIB.[5]  In June 2008,

Plaintiff filed a request for review of the ALJ's decision.[6]  On September 12, 2008, the Appeals

Council denied Plaintiff's request for review,[7] making the ALJ's April 21, 2008 decision the

Commissioner's final decision for purposes of judicial review.  *See* 42 U.S.C. § 405(g); 20

C.F.R. § 404.981.

On September 30, 2008, Plaintiff filed his complaint in this case.[8]  Thereafter, both

parties consented to having a United States Magistrate Judge conduct all proceedings in the case,

including entry of final judgment, with appeal to the United States Court of Appeals for the

Tenth Circuit.[9]  *See* 28 U.S.C. § 636(c); Fed R. Civ. P. 73.  On December 3, 2008, the

Commissioner filed his answer to Plaintiff's complaint,[10] and the court received the

---

[3]  *See* Tr. 64.

[4]  *See* Tr. 371-434.

[5]  *See* Tr. 12-40.

[6]  *See* Tr. 9-10.

[7]  *See* Tr. 4-6.

[8]  *See* docket no. 3.

[9]  *See* docket no. 12.

[10]  *See* docket no. 5.

Administrative Record the same day.[11]  Plaintiff filed his opening brief on May 15, 2009.[12]  The

Commissioner filed his responsive brief on June 16, 2009.[13]  Plaintiff filed his reply brief on July

7, 2009.[14]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual

findings are supported by substantial evidence in the record and whether the correct legal

standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and

citation omitted).  The Commissioner's findings, "if supported by substantial evidence, shall be

conclusive."  42 U.S.C. § 405(g).  "Substantial evidence is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion.  It requires more than a

scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation

omitted).  "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor

substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th

Cir. 2006) (quotations and citation omitted).  "The failure to apply the correct legal standard or

to provide this court with a sufficient basis to determine that appropriate legal principles have

been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir.

2005) (quotations and citation omitted).

---

[11]  *See* docket no. 8.

[12]  *See* docket no. 18.

[13]  *See* docket no. 19.

[14]  *See* docket no. 20.

A five-step evaluation process has been established for determining whether a claimant is disabled.  *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process).  If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed.  *See* 20 C.F.R. § 404.1520(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity.  If [the claimant] is, disability benefits are denied.  If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R. § 404.1520(a)(4)(i)-(ii).

"Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . .  If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits.  If not, the evaluation proceeds to the fourth step . . . ."  *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. § 404.1520(a)(4)(iii).  At the fourth step, the claimant must show that the impairment prevents performance of his "past relevant work."  20 C.F.R. § 404.1520(a)(4)(iv).  "If the claimant is able to perform his previous work, he is not

4

disabled." *Williams*, 844 F.2d at 751.  If, however, the claimant is not able to perform his

previous work, he "has met his burden of proof, establishing a prima facie case of disability."  *Id*.

> At this point, "[t]he evaluation process . . . proceeds to the fifth and final step."  *Id*.  At

this step, the burden of proof shifts to the Commissioner, and the decision maker must determine

"whether the claimant has the residual functional capacity . . . to perform other work in the

national economy in view of his age, education, and work experience."  *Id*.; *see* 20 C.F.R.

§ 404.1520(a)(4)(v).  If it is determined that the claimant "can make an adjustment to other

work," 20 C.F.R. § 404.1520(a)(4)(v), he is not disabled.  If, on the other hand, it is determined

that the claimant "cannot make an adjustment to other work," *id*., he is disabled and entitled to

benefits.

## <u>ANALYSIS</u>

> In support of his claim that the Commissioner's decision should be reversed, Plaintiff

argues that the ALJ erred:  (1) by improperly rejecting the opinions of Plaintiff's treating

sources, (2) in evaluating Plaintiff's credibility, and (3) in his analysis at step five of the

evaluation process.  The court will address each argument in turn.

### I.  Treating Source Opinions

> Plaintiff argues that the ALJ improperly rejected the opinions of Plaintiff's treating

sources, Dr. Glen Johnson, Dr. David Nelson, and Dr. Liz McGill.

> > In deciding how much weight to give a treating source opinion, an
> > ALJ must first determine whether the opinion qualifies for
> > controlling weight.  To make this determination, the ALJ . . . must
> > first consider whether the opinion is well[ ]supported by medically
> > acceptable clinical and laboratory diagnostic techniques.  If the

5

answer to this question is "no," then the inquiry at this stage is complete.  If the ALJ finds that the opinion is well[ ]supported, he must then confirm that the opinion is consistent with other substantial evidence in the record.  If the opinion is deficient in either of these respects, then it is not entitled to controlling weight.

Even if a treating physician's opinion is not entitled to controlling weight, treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [20 C.F.R. §] 404.1527.  Those factors are:  (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

Under the regulations, the agency rulings, and [Tenth Circuit] case law, an ALJ must give good reasons . . . for the weight assigned to a treating physician's opinion . . . that are sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reason for that weight.  If the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so.

*Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004) (quotations and citations omitted)

(sixth alteration in original); *see also* 20 C.F.R. § 404.1527(d).

As with other evidentiary matters, when an ALJ is considering medical opinion evidence,

it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies.  *See, e.g.*,

*Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000); *Eggleston v. Bowen*, 851 F.2d 1244,

1247 (10th Cir. 1988).  In addition, a physician's opinion that a claimant is disabled "is not

dispositive because final responsibility for determining the ultimate issue of disability is reserved to the [Commissioner]." *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994); *see also* 20 C.F.R. § 404.1527(e)(1).

In this case, because the ALJ concluded that the opinions of Dr. Johnson, Dr. Nelson, and Dr. McGill were entitled to little weight, it is implicit that the ALJ also viewed those opinions as not being entitled to controlling weight. Accordingly, the court turns to the deference and weight the ALJ gave to each of those opinions. *See Langley*, 373 F.3d at 1119; *see also* 20 C.F.R. § 404.1527(d).

In reaching his conclusion about Dr. Johnson's opinions, the ALJ properly relied upon the fact that Dr. Johnson had seen Plaintiff only intermittently since Plaintiff's alleged disability onset date. *See* 20 C.F.R. § 404.1527(d)(2)(i). The ALJ also properly relied upon the fact that Dr. Johnson's opinions were contradicted by other opinions in the record and were not supported by progress notes of other treating sources. *See id.* § 404.1527(d)(3), (d)(4).

In support of his conclusion about Dr. Nelson's opinions, the ALJ properly relied upon the fact that Dr. Nelson was not a specialist in the field of psychology or psychiatry. *See id.* § 404.1527(d)(5). The ALJ recognized that Dr. Nelson had reached the conclusion that Plaintiff was disabled. At the same time, the ALJ correctly noted that the determination about whether a claimant is disabled is one left to the Commissioner. *See Castellano*, 26 F.3d at 1029; *see also* 20 C.F.R. § 404.1527(e)(1). Further, the ALJ concluded that Dr. Nelson's conclusion that Plaintiff was disabled was not consistent with his progress notes. *See* 20 C.F.R. § 404.1527(d)(3), (d)(4).

In reaching his conclusion about Dr. McGill's opinions, the ALJ properly relied upon the fact that Dr. McGill's opinions were contradicted by other opinions in the record and were not supported by progress notes. *See id*. § 404.1527(d)(3), (d)(4). The ALJ also determined that Dr. McGill's opinions were contradicted by other medical evidence in the record. *See id*. § 404.1527(d)(4).

Based on the foregoing, the court has determined that the ALJ properly relied upon the factors set forth in 20 C.F.R. § 404.1527(d) in reaching his conclusions about the weight given to the opinions of Dr. Johnson, Dr. Nelson, and Dr. McGill. Accordingly, the court concludes that the ALJ did not err in his treatment of the opinions of those treating sources.

## II. Credibility

Plaintiff argues that the ALJ erred in evaluating Plaintiff's credibility. In general, "[c]redibility determinations are peculiarly the province of the finder of fact, and [this court] will not upset such determinations when supported by substantial evidence." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotations and citation omitted). Although credibility determinations "should be closely and affirmatively linked to substantial evidence," *id*. (quotations and citation omitted), they "do[] not require a formalistic factor-by-factor recitation of the evidence." *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

Social Security Ruling ("SSR") 96-7p clarifies the standards an ALJ must apply when evaluating the credibility of an individual's statements. *See* SSR 96-7p. In addition to the objective medical evidence, an ALJ should consider the following factors when assessing the credibility of an individual's statements:

1.    The individual's daily activities;
2.    The location, duration, frequency, and intensity of the
      individual's pain or other symptoms;
3.    Factors that precipitate and aggravate the symptoms;
4.    The type, dosage, effectiveness, and side effects of any
      medication the individual takes or has taken to alleviate
      pain or other symptoms;
5.    Treatment, other than medication, the individual receives or
      has received for relief of pain or other symptoms;
6.    Any measures other than treatment the individual uses or
      has used to relieve pain or other symptoms (e.g., lying flat
      on his or her back, standing for 15 to 20 minutes every
      hour, or sleeping on a board); and
7.    Any other factors concerning the individual's functional
      limitations and restrictions due to pain or other symptoms.

*Id*.; *see* 20 C.F.R. § 404.1529(c).

In this case, the ALJ included nearly five pages of discussion concerning Plaintiff's

credibility.  In that discussion, the ALJ considered proper factors in reaching his determination

that, overall, Plaintiff's testimony was not credible.  The ALJ provided several examples of, and

properly relied upon, the lack of objective medical evidence to support Plaintiff's allegations

about the severity of his symptoms.  *See* 20 C.F.R. § 404.1529(c)(2); SSR 96-7p.  The ALJ also

properly relied on the inconsistencies he noted between Plaintiff's testimony and evidence in the

record.  *See* 20 C.F.R. § 404.1529(c)(4); SSR 96-7p.

In addition, the ALJ properly relied upon several instances when Plaintiff was not

compliant with prescribed treatment.  *See* 20 C.F.R. § 404.1529(c)(3), (c)(4); SSR 96-7p.  With

respect to Plaintiff's argument concerning the test set forth *Frey v. Bowen*, 816 F.2d 508 (10th

Cir. 1987), the court agrees with the Commissioner that Plaintiff's reliance on *Bowen* is

misplaced.  As the Tenth Circuit explained in *Qualls*, "*Frey* concerned the circumstances under

9

which an ALJ may deny benefits because a claimant has refused to follow prescribed treatment." *Qualls*, 206 F.3d at 1372.  In *Qualls*, the ALJ "did not purport to deny [the] plaintiff benefits on the ground he failed to follow prescribed treatment."  *Id*.  Instead, the ALJ in *Qualls* properly considered what attempts the plaintiff made to relieve his symptoms in an effort to evaluate the truth of the plaintiff's allegations that his symptoms were disabling.  *See id*.  The court has determined that the ALJ in this case considered Plaintiff's noncompliance with treatment in the same manner set forth in *Qualls*.

Finally, the ALJ properly relied upon the indications in the record that Plaintiff's "primary goal ha[d] been obtaining [DIB] to the exclusion of obtaining assistance in better managing his symptoms."[15]  The motivation of the claimant is a relevant factor to consider when evaluating his credibility.  *See, e.g.*, *Huston v. Bowen*, 838 F.2d 1125, 1132 (10th Cir. 1988); *see also, e.g.*, *Madron v. Astrue*, 311 Fed. App'x 170, 179 (10th Cir. 2009) (unpublished) (citing *Huston* and noting parenthetically that "'[t]he ALJ can weigh and evaluate numerous factors in determining the credibility of pain testimony,' including 'subjective measures of credibility that are peculiarly within the judgment of the ALJ' [such] as 'the motivation of . . . the claimant'" (quoting *Huston*, 838 F.2d at 1132) (first and third alterations in original)).

Based on the foregoing, the court concludes that the ALJ articulated sufficient reasoning and relied upon proper factors in reaching his determination about Plaintiff's credibility.  The court also concludes that the ALJ's credibility determination is "closely and affirmatively linked to substantial evidence" in the record.  *Kepler*, 68 F.3d at 391 (quotations and citation omitted).

---

[15]  Tr. 32.

Accordingly, the court concludes that the ALJ did not err in his evaluation of Plaintiff's credibility.

### III.  Step Five Analysis

Plaintiff argues that the ALJ erred in his analysis at step five of the evaluation process. More specifically, Plaintiff argues that the ALJ erred by relying on the vocational expert's response to the first hypothetical because that hypothetical did not accurately reflect Plaintiff's limitations.  Instead, Plaintiff argues, the ALJ should have relied on the vocational expert's response to the second hypothetical because that hypothetical did accurately reflect Plaintiff's limitations.

Plaintiff's argument on this point is conclusory in nature, consisting solely of bald, unsupported assertions about the adequacy of the two hypotheticals.  As noted by the Commissioner, Plaintiff appears to be arguing, although not explicitly, that the ALJ's analysis at step five of the evaluation process was flawed because the ALJ should have found Plaintiff's testimony to be credible.  To the extent that Plaintiff is making such an argument, the court concludes that it is without merit.  The court has already rejected Plaintiff's arguments concerning the ALJ's credibility evaluation and rejects them again here.

For these reasons, the court concludes that Plaintiff's arguments concerning the ALJ's analysis at step five are without merit.

## CONCLUSION AND ORDER

The court concludes that all of Plaintiff's arguments fail. Therefore, **IT IS HEREBY**

**ORDERED** that the Commissioner's decision in this case is **AFFIRMED** in all respects.

**IT IS SO ORDERED**.

DATED this 2nd day of March, 2010.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge